## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GARRETT M. COOK,**

      **Plaintiff,**

**vs.**                          **CASE NO.: 8:23-cv-2735**

**DETECTIVE MICHAEL BROOKS,**
**Individually, and**
**SERGEANT MARK DAINTY,**
**Individually, and**
**LT. DINA RUSSELL,**
**Individually, and**
**MAJ. BRITT WILLIAMS,**
**Individually, and**
**CHIEF LARRY WILLIAMS,**
**Individually, and**
**SGT. TAYLOR PLOWDEN,**
**Individually, and**
**SHERIFF GRADY JUDD,**
**in his official capacity as Sheriff**
**of the Polk County Sheriff's Office,**

      **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, GARRETT M. COOK, sues the Defendants, DETECTIVE MICHAEL BROOKS, SERGEANT MARK DAINTY, LT. DINA RUSSELL, MAJ. BRITT WILLIAMS, CHIEF LARRY WILLIAMS, SGT. TAYLOR PLOWDEN, all individually, and SHERIFF GRADY JUDD, in his official capacity as Sheriff of the Polk County Sheriff's Office, and for his Complaint states:

## JURISDICTION AND VENUE

1.      This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper within the Middle District of Florida as all actions which give rise to this Complaint occurred in Polk County, within jurisdiction of the Middle District of Florida.

4.      This is an action for damages which exceeds the sum of $75,000.

5.      Plaintiff has timely filed his Notice of Claim pursuant to § 768.28, Fla. Stat. (2018) on April 29, 2022, regarding the state tort claims against Defendants and has provided Defendants the required time to resolve their claims. The Defendants have rejected the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

6.      Plaintiff, GARRETT M. COOK (hereinafter Mr. Cook), is and was an adult male resident of Polk County, in the state of Florida, and the United States of America, at all times relevant to this Complaint. At the time of his arrest, Plaintiff was a deputy with the Polk County Sheriff's Office located in Winter Haven,

Florida.

7.     Defendant, DETECTIVE MICHAEL BROOKS (hereinafter Detective Brooks), was at all times relevant to this Complaint duly appointed and acting as a Detective for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Detective Brooks, is sued in his individual capacity.

8.     Defendant, SERGEANT MARK DAINTY (hereinafter Sergeant Dainty), was at all times relevant to this Complaint duly appointed and acting as a Sergeant for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Sergeant Dainty, is sued in his individual capacity.

9.     Defendant, LT. DINA RUSSELL, (hereinafter Lt. Russell), was at all times relevant to this Complaint duly appointed and acting as a Lieutenant for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Lt. Russell, is sued in her individual capacity.

10.     Defendant, MAJ. BRITT WILLIAMS, (hereinafter Maj. Williams),

was at all times relevant to this Complaint duly appointed and acting as a Major for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Maj. Williams, is sued in her individual capacity.

11.     Defendant, CHIEF LARRY WILLIAMS, (hereinafter Chief Williams), was at all times relevant to this Complaint duly appointed and acting as a Chief for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Chief Williams, is sued in his individual capacity.

12.     Defendant, SGT. TAYLOR PLOWDEN, (hereinafter Sgt. Plowden), was at all times relevant to this Complaint duly appointed and acting as a Seargent for the Polk County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Polk County Sheriff's Office. Defendant, Sgt. Plowden, is sued in his individual capacity.

13.     Defendant, SHERIFF GRADY JUDD (hereinafter Sheriff Judd), as Sheriff of the Polk County Sheriff's Department, receives federal funds and by and through its officials, employees, and deputies is under a duty to run its policing

activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

14.     Each and all of the acts of the Defendants, and other members of the Polk County Sherriff's Office involved in this incident, were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the Polk County Sheriff's Office, under the color of law and by virtue of their authority as law enforcement officers for the Polk County Sheriff's Office. At all times, Defendants, members, staff, employees, and agents of the Polk County Sheriff's Office were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and state law rights, as more particularized herein.

## STATEMENT OF FACTS

15.     On December 21, 2020, Deputy Raczynski, with the Polk County Sheriff's Office, assisted with a criminal investigation after a traffic stop was conducted on a person named Shanille Sanders in Polk County, Winter Haven, Florida.

16.     Assisting Deputy Raczynski with the criminal investigation of Ms. Sanders were two other deputies from the Polk County Sheriff's Office, Deputy Lawson, and the Plaintiff, Mr. Cook, who was also a deputy at that time.

17.     The traffic stop turned into a search of Ms. Sanders' vehicle and person when a K9 alerted for narcotics on her vehicle. A search of Ms. Sanders' vehicle resulted in the seizure of a small bag of cannabis, a cell phone, and $723.00 in cash (U.S. Currency).

18.     Mr. Cook counted and verified the amount of the money at the scene of the traffic stop and then handed it to Deputy Lawson. Mr. Cook never had any further contact with the seized money.

19.     On December 23, 2020, Deputy Raczynski dropped thirteen (13) items of evidence into the "Property and Evidence" storage locker at the Central District Substation. The $723.00 in cash was neither logged in nor was it listed as an item of evidence by Deputy Raczynski.

20.     Officer Gabriella Propst, who was the property clerk for the Property and Evidence section, received a phone call from Deputy Raczynski on March 15, 2021, wherein he asked her to call him back on his personal cell phone.

21.     After she called him back, Deputy Raczynski told Officer Propst that when the evidence bag was moved from Deputy Lawson's trunk, he could not find the $723.00 in cash. He also told her that the missing money was being handled by "floater money."

22.     Officer Gabriella Propst conducted a search of relevant databases and was unable to locate any record of the cash being submitted by Deputy Raczynski

into the "Property and Evidence." Being suspicious of this conversation she had with him, Officer Propst then contacted the property and evidence supervisor, Sgt. Jennifer Ogg, to report what Deputy Raczynski had just told her about the missing money.

23.     After speaking to Officer Propst, Deputy Raczynski, on his own, decided to create a "Supplement" report that listed one item of evidence under the Securities as Currency valued at $723.00 on March 16, 2021.

24.     This Supplement report was allegedly electronically 'Notary Approved' by the Plaintiff, Mr. Cook, on that same day, March 16, 2021. Deputy Raczynski knew Mr. Cook's password and used it to electronically notarize his Supplement report.

25.     Defendant, Detective Brooks, knew that this electronic notary was "fraudulent" based on the statement of Deputy Raczynski that he knew Mr. Cook's password and used it to electronically notarize his Supplement report.

26.     It is undisputed that Deputy Raczynski did not obtain Mr. Cook's consent or permission prior to approving the electronic notary on his Supplement report.

27.     Sgt. Taylor Plowden approved the report without even reviewing the report. A review, which is required, would have revealed that no currency was entered in the property tab.

28.    On the day of the traffic stop, Ms. Sanders was arrested for the charge of Possession with Intent to Sell and booked into the Polk County jail. The State Attorney's office later filed an Information against Ms. Sanders for Possession of Cannabis and Possession of Drug Paraphernalia, both misdemeanors.

29.    Sometime later, Ms. Sanders contacted the Polk County Sheriff's Office to inquire about the release of her cell phone and the $723.00 in cash back to her since both of her criminal charges were dismissed by the State Attorney's office on March 22, 2021.

30.    On March 18, 2021, Defendant, Detective Brooks, interviewed Sgt. Anderson, who took over for Sgt. Plowden, about the missing cash and the phone call Officer Propst had with Deputy Raczynski. Sgt. Anderson relayed to Detective Brooks that he did speak to Deputy Raczynski about the missing cash. Deputy Raczynski told him that he left all the evidence and the money at the scene with Deputy Lawson. He further stated that when he went to retrieve the money from Deputy Lawson, that the money was not there. Deputy Raczynski also stated that he had planned on submitting money into evidence to replace the missing cash.

31.    Prior to Plaintiff's arrest, Deputy Raczynski was also interviewed by Detective Sullivan and told him that he placed the money in a safe at the Property and Evidence section because he had dropped it into evidence without a label.

32.     Neither of these events described by Deputy Raczynski turned out to be true and in fact, did not happen.  Neither of them implicate Plaintiff as an arguable probable cause defendant in this situation.

33.     On March 19, 2021, Detective Brooks interviewed Deputy Lawson who stated that he placed the cell phone, money, and a small bag of cannabis into an evidence bag. He further stated that Deputy Raczynski placed the evidence bag, as well as a backpack belonging to Ms. Sanders, into his car. Apparently, Deputy Raczynski and Deputy Lawson then got into an argument about who was going to take custody of both bags.

34.     Between December 21, 2020, and March 16, 2021, both Deputy Raczynski and Deputy Lawson periodically mentioned the missing money but never took any steps to replace the currency. Mr. Cook did not submit any of his own money or transfer any money through CashApp or by other means to either Deputy Raczynski or Deputy Lawson, in order to replace the $723.00 in missing cash. Mr. Cook did not agree to assist in replacing the money nor did he agree to any plan or conspiracy to replace the missing currency.  Afterall, he had not lost the money.

35.     Deputy Lawson or Deputy Raczynski never made any allegation that Mr. Cook ever had possession of the money after it was counted.

36.     On March 19, 2021, Detective Brooks interviewed Deputy Raczynski who admitted that he knew Mr. Cook's password and did not contact him before

using it to electronically notarize his Supplement report. He also told Detective Brooks that Deputy Lawson sent him $500.00 via CashApp to replace the missing money. He himself agreed to contribute the remaining $223.00 towards the missing money.

37.     On March 19, 2021, after completing his investigation, Detective Brooks along with the direction of Sgt. Dainty made the decision to arrest and charge Deputy Lawson with Conspiracy to Commit Tampering or Fabricating Evidence based on the transfer of the $500.00 via CashApp to Deputy Raczynski.

38.     On March 19, 2021, Detective Brooks also decided to arrest and charge Deputy Raczynski with Conspiracy to Commit Tampering or Fabricating Evidence, Forgery, and Uttering a Forged Instrument.

39.     With regard to the Plaintiff, Mr. Cook, Detective Brooks decided to arrest and charge Mr. Cook with one count of Conspiracy to Commit Tampering or Fabricating Evidence. Lt. Dina Russell, an Unknown Captain, Maj. Britt Williams, and Chief Larry Williams were on scene in the observation room listening in on the interviews and contributed to the decision to arrest Mr. Cook.

40.     As a result of his arrest on March 19, 2021, Mr. Cook spent 1 day in jail. Mr. Cook also resigned from his position as a deputy at the Polk County Sheriff's office that same day.

41.     On March 19, 2021, Detective Brooks obtained Mr. Cook's Apple iPhone 11 Pro, which is still under the care and control of the Polk County Sheriff's office. No information, including any evidence of a Conspiracy or screen shots showing transfers of money, has ever been provided to Mr. Cook or his undersigned counsel.

42.     On April 8, 2021, Detective Brooks signed an Application of Search Warrant of Mr. Cook's Grey iPhone wherein he alleged that based on his experience that it is common for coworkers as well as co-conspirators to communicate with each other through phone calls, text messages, and social media.

43.     Defendant, Sheriff Judd, held a press conference for the news media that appeared on various T.V. stations on March 22, 2021, wherein he held up a picture of the Plaintiff, Mr. Cook, and stated that "*They put several pieces of evidence into property and evidence. But they don't put any cash*." The Sheriff kept these accusations on the Sheriff's Department website even after he knew them to be false and after Plaintiff had the records expunged after the "*No Bill*" described in paragraph 44.

44.     Less than two months later on May 14, 2021, the State Attorney's Office made the decision to file a "*No Bill*" as to the charge of Conspiracy to Commit Tampering with Evidence against the Plaintiff, Mr. Cook, and his criminal charge and his case was dropped.

45.     Since his arrest on March 20, 2021, Mr. Cook has been unable to obtain employment as a law enforcement officer in any capacity. Mr. Cook has spoken with several law enforcement recruiters including Daytona Beach Police Department, Kissimmee Police Department, Lakeland Police Department, and Orlando Police Department and they all have rejected him or told him he would likely be passed over, despite the State Attorney's office dismissing the criminal charge against him.

46.     On March 19, 2021, Mr. Cook possessed a conditional offer of employment from the FBI prior to his arrest, however, once he notified his applicant correspondent of his arrest and subsequent charge, they notified him he was no longer eligible for hire.

### COUNT I
### 42 U.S.C. § 1983 – DEFENDANT, DETECTIVE BROOKS –
### FALSE ARREST

47.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

48.     Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Detective Brooks, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on March 19, 2021.

49.     The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

50.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

51.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

52.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT II
## 42 U.S.C. § 1983 – DEFENDANT, SERGEANT MARK DAINTY – FALSE ARREST

53.    The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

54.    Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Sergeant Dainty, through the intentional use of force and confinement, when Defendant unlawfully directed Detective Brooks to arrest Plaintiff on March 19, 2021.

55.    The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

56.    The facts and circumstances within Defendant's knowledge, assuming

he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

57.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

58.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT III
## 42 U.S.C. § 1983 – DEFENDANT, LT. DINA RUSSELL – FALSE ARREST

59.    The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

60.    Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Lt. Russell, through the intentional use of force and confinement, when Defendant unlawfully directed Detective Brooks to arrest Plaintiff on March 19, 2021.

61.    The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

62.    The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to

believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

63.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

64.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

**COUNT IV**
**42 U.S.C. § 1983 – DEFENDANT, MAJ. BRITT WILLAIMS–**
**FALSE ARREST**

65.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

66.     Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Maj. Williams, through the intentional use of force and confinement, when Defendant unlawfully directed Detective Brooks to arrest Plaintiff on March 19, 2021.

67.     The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

68.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was

committing a criminal offense.

69.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

70.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT V
## 42 U.S.C. § 1983 – DEFENDANT, CHIEF LARRY WILLIAMS– FALSE ARREST

71.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

72.     Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Chief Williams, through the intentional use of force and confinement, when Defendant unlawfully directed Detective Brooks to arrest Plaintiff on March 19, 2021.

73.     The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

74.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

75.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

76.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT VI
## 42 U.S.C. § 1983 – DEFENDANT, SGT. TAYLOR PLOWDEN– FALSE ARREST

77.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

78.     Plaintiff, Mr. Cook, was unlawfully seized by Defendant, Sgt. Plowden, through the intentional use of force and confinement, when Defendant failed to review the police report which ultimately resulted in the arrest of Plaintiff on March 19, 2021.

79.     The seizure and arrest of Plaintiff, Mr. Cook, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

80.     The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

81.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

82.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

**COUNT VII**
**42 U.S. 1983 – DEFENDANT, DETECTIVE BROOKS**
**MALICIOUS PROSECUTION**

83.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

84.     As a result of the actions taken by Defendant, Detective Brooks, original judicial proceedings against Plaintiff were commenced and/or continued.

85.     The criminal prosecution was a natural consequence of Defendant's actions.

86.     Defendant, Detective Brooks, was a legal cause of the original proceeding.

87.     The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

88.     There was no probable cause for the original proceeding or continued prosecution.

89.     The actions of Defendant, Detective Brooks, were done with malice.

90.     Plaintiff suffered damages as result of the false arrest and malicious prosecution.

91.     As a direct and proximate result of the conduct of Defendant, Detective Brooks, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

### COUNT VIII
### 42 U.S. 1983 – DEFENDANT, SGT. DAINTY
### MALICIOUS PROSECUTION

92.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

93.     As a result of the actions taken by Defendant, Sgt. Dainty, original judicial proceedings against Plaintiff were commenced and/or continued.

94.     The criminal prosecution was a natural consequence of Defendant's actions.

95.     Defendant,  Sgt. Dainty, was a legal cause of the original proceeding.

96.     The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

97.     There was no probable cause for the original proceeding or continued prosecution.

98.     The actions of Defendant, Sgt. Dainty, were done with malice.

99.     Plaintiff suffered damages as result of the false arrest and malicious prosecution.

100.    As a direct and proximate result of the conduct of Defendant, Sgt. Dainty, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT IX
## 42 U.S. 1983 – DEFENDANT, LT. RUSSELL
## MALICIOUS PROSECUTION

101.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

102.    As a result of the actions taken by Defendant, Lt. Russell, original judicial proceedings against Plaintiff were commenced and/or continued.

103.    The criminal prosecution was a natural consequence of Defendant's actions.

104.    Defendant, Lt. Russell, was a legal cause of the original proceeding.

105.   The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

106.   There was no probable cause for the original proceeding or continued prosecution.

107.   The actions of Defendant, Lt. Russell, were done with malice.

108.   Plaintiff suffered damages as result of the false arrest and malicious prosecution.

109.   As a direct and proximate result of the conduct of Defendant, Lt. Russell, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT X
## 42 U.S. 1983 – DEFENDANT, MAJOR WILLIAMS
## MALICIOUS PROSECUTION

110.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

111.   As a result of the actions taken by Defendant, Maj. Williams, original judicial proceedings against Plaintiff were commenced and/or continued.

112.   The criminal prosecution was a natural consequence of Defendant's

actions.

113.   Defendant, Maj. Williams, was a legal cause of the original proceeding.

114.   The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

115.   There was no probable cause for the original proceeding or continued prosecution.

116.   The actions of Defendant, Maj. Williams, were done with malice.

117.   Plaintiff suffered damages as result of the false arrest and malicious prosecution.

118.   As a direct and proximate result of the conduct of Defendant, Maj. Williams, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT XI
## 42 U.S. 1983 – DEFENDANT, CHIEF WILLAIMS
## MALICIOUS PROSECUTION

119.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

120.   As a result of the actions taken by Defendant, Chief Williams, original

judicial proceedings against Plaintiff were commenced and/or continued.

121.   The criminal prosecution was a natural consequence of Defendant's actions.

122.   Defendant, Chief Williams, was a legal cause of the original proceeding.

123.   The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

124.   There was no probable cause for the original proceeding or continued prosecution.

125.   The actions of Defendant, Chief Williams, were done with malice.

126.   Plaintiff suffered damages as result of the false arrest and malicious prosecution.

127.   As a direct and proximate result of the conduct of Defendant, Chief Williams, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT XII
## 42 U.S. 1983 – DEFENDANT, SGT. PLOWDEN
## MALICIOUS PROSECUTION

128.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

129.   As a result of the actions taken by Defendant, Sgt. Plowden, original judicial proceedings against Plaintiff were commenced and/or continued.

130.   The criminal prosecution was a natural consequence of Defendant's actions.

131.   Defendant, Sgt. Plowden, was a legal cause of the original proceeding.

132.   The original proceedings resulted in the bona fide termination of that proceeding in favor of the Plaintiff.

133.   There was no probable cause for the original proceeding or continued prosecution.

134.   The actions of Defendant, Sgt. Plowden, were done with malice.

135.   Plaintiff suffered damages as result of the false arrest and malicious prosecution.

136.   As a direct and proximate result of the conduct of Defendant, Sgt. Plowden, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## STATE LAW CLAIMS

### COUNT XIII
### STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD FOR ACTIONS OF DET. BROOKS

137.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

138.   Defendant, Detective Brooks', actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

139.   The Defendant, Detective Brooks, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

140.   The actions of Defendant, Detective Brooks, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

141.   Defendant, Detective Brooks', conduct is actionable against Defendant,

Sheriff Judd, pursuant to §768.28, <u>Fla. Stat.</u> (2023).

142.   As a direct and proximate result of the acts of Defendant, Detective Brooks, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

<u>**COUNT XIV**</u>
<u>**STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD**</u>
<u>**FOR ACTIONS OF SGT. DAINTY**</u>

143.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

144.   Defendant, Sgt. Dainty's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

145.   The Defendant, Sgt. Dainty, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

146.   The actions of Defendant, Sgt. Dainty, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and

not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

147.   Defendant, Sgt. Dainty's, conduct is actionable against Defendant, Sheriff Judd, pursuant to §768.28, Fla. Stat. (2023).

148.   As a direct and proximate result of the acts of Defendant, Sgt. Dainty, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XV
## STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD FOR ACTIONS OF LT. DINA RUSSELL

149.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

150.   Defendant, Lt. Russell's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

151.   The Defendant, Lt. Russell, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

152.    The actions of Defendant, Lt. Russell, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

153.    Defendant, Lt. Russell's, conduct is actionable against Defendant, Sheriff Judd, pursuant to §768.28, Fla. Stat. (2023).

154.    As a direct and proximate result of the acts of Defendant, Lt. Russell, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XVI
## STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD
## FOR ACTIONS OF MAJ. WILLIAMS

155.    The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

156.    Defendant, Maj. Williams', actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

157.   The Defendant, Maj. Williams, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

158.   The actions of Defendant, Maj. Williams, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

159.   Defendant, Maj. Williams', conduct is actionable against Defendant, Sheriff Judd, pursuant to §768.28, Fla. Stat. (2023).

160.   As a direct and proximate result of the acts of Defendant, Maj. Williams, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

**COUNT XVII**
**STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD**
**FOR ACTIONS OF CHIEF WILLIAMS**

161.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

162.   Defendant, Chief Williams', actions in holding Plaintiff against his

will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

163. The Defendant, Chief Williams, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

164. The actions of Defendant, Chief Williams, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

165. Defendant, Chief Williams', conduct is actionable against Defendant, Sheriff Judd, pursuant to §768.28, Fla. Stat. (2023).

166. As a direct and proximate result of the acts of Defendant, Chief Williams, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XVIII
## STATE LAW FALSE ARREST – DEFENDANT, SHERIFF JUDD
## FOR ACTIONS OF SGT. PLOWDEN

167.   The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 46 above, and further alleges:

168.   Defendant, Sgt. Plowden, actions which resulted in the holding of Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, Sheriff Judd.

169.   The Defendant, Sgt. Plowden, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

170.   The actions of Defendant, Sgt. Plowden, as described in paragraphs 1-46 of the Complaint were performed in the course and scope of his employment with the Polk County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

171.   Defendant, Sgt. Plowden, conduct is actionable against Defendant, Sheriff Judd, pursuant to §768.28, Fla. Stat. (2023).

172.   As a direct and proximate result of the acts of Defendant, Sgt. Plowden, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental

anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XIX
## STATE LAW FALSE ARREST –
## DEFENDANT, DETECTIVE MICHAEL BROOKS,
## (BAD FAITH, WILLFUL AND WANTON)

173.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

174.   At all times relevant herein, Defendant, Detective Brooks, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

175.   Defendant, Detective Brooks, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

176.   Defendant, Detective Brooks', actions were unreasonable and unwarranted under the circumstances.

177.   As a direct and proximate result of the acts of Defendant, Detective Brooks, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XX
## STATE LAW FALSE ARREST –
## DEFENDANT, SERGEANT MARK DAINTY,
## (BAD FAITH, WILLFUL AND WANTON)

178.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

179.   At all times relevant herein, Defendant, Sgt. Dainty, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

180.   Defendant, Sgt. Dainty, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

181.   Defendant, Sgt. Dainty's, actions were unreasonable and unwarranted under the circumstances.

182.   As a direct and proximate result of the acts of Defendant, Sgt. Dainty, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

**COUNT XXI**
**STATE LAW FALSE ARREST –**
**DEFENDANT, LT. DINA RUSSELL,**
**(BAD FAITH, WILLFUL AND WANTON)**

183.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

184.   At all times relevant herein, Defendant, Lt. Russell, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

185.   Defendant, Lt. Russell, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

186.   Defendant, Lt. Russell's, actions were unreasonable and unwarranted under the circumstances.

187.   As a direct and proximate result of the acts of Defendant, Lt. Russell, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XXII
## STATE LAW FALSE ARREST –
## DEFENDANT, MAJ. BRITT WILLIAMS,
## (BAD FAITH, WILLFUL AND WANTON)

188.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

189.   At all times relevant herein, Defendant, Major Williams, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

190.   Defendant, Major Williams, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

191.   Defendant, Major Williams', actions were unreasonable and unwarranted under the circumstances.

192.   As a direct and proximate result of the acts of Defendant, Major Williams, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XXIII
## STATE LAW FALSE ARREST –
## DEFENDANT, CHIEF LARRY WILLIAMS,
## (BAD FAITH, WILLFUL AND WANTON)

193.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

194.   At all times relevant herein, Defendant, Chief Williams, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

195.   Defendant, Chief Williams, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

196.   Defendant, Chief Williams', actions were unreasonable and unwarranted under the circumstances.

197.   As a direct and proximate result of the acts of Defendant, Chief Williams, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT XXIV
## STATE LAW FALSE ARREST –
## DEFENDANT, SGT. TAYLOR PLOWDEN,
## (BAD FAITH, WILLFUL AND WANTON)

198.   The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 46.

199.   At all times relevant herein, Defendant, Sgt. Plowden, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

200.   Defendant, Sgt. Plowden, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

201.   Defendant, Sgt. Plowden's, actions were unreasonable and unwarranted under the circumstances.

202.   As a direct and proximate result of the acts of Defendant, Sgt. Plowden, Plaintiff was detained, confined in the Polk County Jail, and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## DAMAGES

203.   Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

204.    As a direct and proximate result of the aforementioned actions, statements, publications, and omissions of the Defendants, Plaintiff, Mr. Cook's constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

      a.    Emotional Pain and Suffering of a past, present and future nature;

      b.    Loss of Enjoyment of Life of a past, present and future nature;

      c.    Loss of Employment;

      d.    Loss of Wages and Earning Capacity of a past, present and future nature;

      e.    Punitive damages for Counts I-XII, and XIX-XXIV;

      f.    Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

      g.    Post-Judgment Interest for any state law claim;

      h.    Statutory and Discretionary Costs;

      i.    Attorney's fees where permitted by 42 USC § 1988 or other statutes;

      j.    All such further relief, both general and specific, to which he may be entitled under the premises.

## REQUEST FOR JURY TRIAL

The Plaintiff, GARRETT MATTHEW COOK, requests a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** this 30th day of October 2023.

> **MICHAEL P. MADDUX, P.A**
>
> *s/Michael P. Maddux*
> Michael P. Maddux, Esquire
> Florida Bar Number: 964212
> Lead Trial Attorney for the Plaintiff
> 2102 West Cleveland Street
> Tampa, Florida 33606
> Telephone: (813) 253-3363
> Facsimile: (813) 253-2553
> E-mails:
> mmaddux@madduxattorneys.com
> jszymczak@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of November 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

> **MICHAEL P. MADDUX, P.A.**
>
> *s/ Michael P. Maddux*
> Michael P. Maddux, Esquire
> Florida Bar Number: 964212